IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| TIMOTHY LEWIS EVANS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.  3:10-2569-JMC-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WARDEN BRCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Timothy Lewis Evans ("Evans"), is an inmate with the South Carolina Department of Corrections serving twenty-five (25) years imprisonment for possession of crack cocaine with intent to distribute and concurrent sentences for possession with intent to distribute within close proximity to a public park and possession of marijuana. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 4, 2010. Respondent filed a return and motion for summary judgment on March 11, 2011.  Because Evans is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 14, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Evans filed his response to Respondent's motion on May 26, 2011.

**Background and Procedural History**

On May 2, 2003, officers of the York County Multi-jurisdictional Drug Enforcement Unit executed a search warrant at Evans' residence in Rock Hill.  Evans and several others were in the residence.  A quantity of crack cocaine and marijuana was seized in addition to a plastic bag of crack

cocaine found adjacent to Evans' left foot. After arrest and receipt of Miranda warnings, Evans stated that the drugs belonged to him.

Evans was released on bond. He failed to appear when his case was called for trial on March 4, 2004, and he was tried in abstentia. Evans was represented at trial by Gary C. Lemel, Esquire. The jury found Evans guilty, the trial judge sealed the sentence, and a bench warrant was issued. On March 24, 2004, Evans appeared before the trial judge and was sentenced. Mr. Lemel represented Evans at sentencing.

Evans did not file a direct appeal. On November 23, 2004, Evans filed an application for post-conviction relief ("PCR") asserting, *inter alia*, that Mr. Lemel was ineffective for not filing a direct appeal. (App. 369). An evidentiary hearing was held on October 21, 2008. (App. 380). Evans was represented by Leah Moody, Esquire. Evans and Mr. Lemel testified. The PCR court issued an order of dismissal on November 19, 2008, denying Evan's post-conviction claims and granting him a direct appeal pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974). (App. 412).

A Petition for Writ of Certiorari was filed by the South Carolina Commission on Indigent Defense presenting the following issue:

> Did the PCR court correctly grant review pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974) because the applicant did not knowingly and voluntarily waive his appellate rights?

A "Brief of Appellant Pursuant to White v. State" was also filed raising two appeal issues:

1. Did the trial court err by denying appellant's motion to suppress the crack because the officer's testimony was different from the police report which fact was not disclosed to appellant prior to trial and the solicitor admitted that she knew this before trial?

2. Did the trial court err in denying appellant's motion to suppress the search warrant based on the insufficiency of the affidavit because no

evidence was presented regarding the reliability of the confidential informant?

The South Carolina Supreme Court granted the petition for writ of certiorari and affirmed Evans' convictions and sentences, rejecting his two appellate issues. *See* Evans v. State, Mem.Op.No. 2010-Mo-022 (S.C. filed August 23, 2010). The Remittitur was returned on September 9, 2010.

## Grounds for Relief

In his present petition, Evans asserts he is entitled to a writ of habeas corpus on the following grounds:

> **GROUND ONE**: The trial court erred by refusing to direct a verdict of acquittal on the charges of poss. w/intent and poss. w/intent to dist crack w/in prox. of a public park where there was no substantial circumstantial evidence that petitioner possessed crack cocaine.
>
>> **SUPPORTING FACTS**: It was deduced at trial that the drugs (a baggie of crack cocaine) discovered at petitioner's feet during the execution of a search warrant at petitioner's residence actually did not belong to him but to other individuals who were also present at the home during the search. That petitioner stated they (the drugs) were his only because on-scene officer's threatened to arrest everyone in the household if no one admitted that they (the drugs) were theirs.
>
> **GROUND TWO:** The trial court erred by denying petitioner's motion to suppress the crack because the officer's testimony was different from the police report...and solicitor admitted as much.
>
>> **SUPPORTING FACTS:** Please see attached copy of Argument submitted as Issue #1 on appeal.
>
> **GROUND THREE:** Trial court erred in denying petitioner's motion to suppress the search warrant based on the insufficiency of the affidavit...no evidence regarding reliability of confidential informant was presented.
>
>> **SUPPORTING FACTS:** Please see attached copy of argument submitted as Issue #2 on appeal. (and copy of Affidavits)
>
> **GROUND FOUR:** Due process: Sixth Amendment violation in that petitioner was tried in his absence.

> **SUPPORTING FACTS:** The record clearly reflects that petitioner was tried in his absence. It is his contention that this is a Sixth Amendment "due process" violation of the U.S. Constitution, and the S.C. State Constitution as well. Since petitioner did not voluntarily absent himself from trial and contends that he was never notified, he asserts that he was denied due process of law because the trial court did not admonish him concerning this subject matter and neither did trial counsel seriously attempt to contact him.

## Discussion

Since Evans filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

4

* * *

> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

### A.  Procedural Bar

Respondent asserts that Grounds One and Four listed above are procedurally barred because they were never presented to the South Carolina appellate courts.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

#### 1.     Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

5

>     (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)  there is either an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68,

6

221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

7

reached the merits of the claim.[1] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2.     Procedural Bypass[2]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely

---

[1]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

[2]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty

10

of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and

prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Even though Grounds One and Four in the present petition were raised in Evans' PCR they were abandoned and not presented on appeal. Evans makes no showing of cause or prejudice to excuse default. These grounds are procedurally barred.

**B. Suppression**

In Grounds Two and Three of the present petition, Evans argues that the trial court should have suppressed the drugs found in his residence because the evidence presented at trial did not correspond to the incident report prepared by the police in connection with his arrest, and the search warrant affidavit was insufficient. The record shows that counsel made a motion to suppress and a hearing resulted in a denial of the motion. (App. 34). Further, as discussed above, the search and seizure issues were presented to the South Carolina Supreme Court on appeal.

Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) precludes a federal court from granting habeas relief on an alleged Fourth Amendment violation if "the State has provided a full and fair litigation" of the claim. Shortly after Stone was decided the Fourth Circuit stated the appropriate framework for the District Courts to employ when considering a Fourth Amendment claim in a § 2254 petition:

> "[A] district court ..., should, under Stone v. Powell, first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice.
>
> * * *
>
> Second, ... when the district court has made the 'opportunity' inquiry, it need not inquire further into the merits of petitioner's case, when applying Stone v. Powell unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."

Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir.1978). *See also* Mueller v. Angelone, 181 F.3d 557, 570 n. 8 (4th Cir.1999).

While "Stone v. Powell, marked for most practical purpose, the end of federal court reconsideration of Fourth Amendment claims by way of habeas petitions where petitioner has the opportunity to litigate those claims in state court", Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir.1982), claims of ineffective assistance of counsel in litigating those claims in state court may be raised and are cognizable in the § 2254 petition. Kimmelman v. Morrison, 477 U.S. 365, 382-383, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

The record shows that Evans had a full and fair opportunity to raise his Fourth Amendment claims in state court. His motion to suppress was denied and he was given appellate review of the decision. Therefore, Grounds Two and Three in the present petition are not cognizable on habeas review.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

                                              Joseph R. McCrorey
                                              United States Magistrate Judge

Columbia, South Carolina
November 4, 2011

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).